1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY ALTAMIRANO SERMENO,          No.  2:18-CV-1039-DMC

12                  Plaintiff,

13           v.                                ORDER

14    KATHLEEN ALLISON,

15                  Defendant.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is Plaintiff's complaint (ECF No. 1).  Plaintiff alleges

19    his due process right was violated through a state-created danger.  Specifically, Plaintiff alleges

20    that a California Department of Corrections and Rehabilitation (CDCR) policy that provides for

21    general population and sensitive needs yard population inmates to be housed together creates a

22    risk of harm.  Plaintiff contends, in his case, this risk of harm is from Nortenos gang members.

23    ///

24    ///

25    ///

26    ///

27    ///

28

                                             1

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///

///

///

2

# II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendant implemented a policy that provides for general population and sensitive needs yard population inmates to be housed together.  Plaintiff contends this policy has created a substantial danger to his safety because he has issues with Nortenos street gang members.  Plaintiff believes that he has been "green lighted," which Plaintiff alleges means he is a target to be killed.  Plaintiff alleges that this new policy will force him to be housed with members of the Nortenos gang, placing him in contact with them, and thus putting him at risk of being killed.  Plaintiff asserts that the Nortenos have "sleeper members" who would be able to stab and kill him should this policy remain in effect.  Plaintiff contends that this policy and the risk that it poses to his life is a violation of his due process rights under the United States Constitution.

# III. ANALYSIS

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property.  See Bd. of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits.  See id.

Liberty interests can arise both from the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the

Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

4

1        Finally, with respect to prison disciplinary proceedings, due process requires

2 prison officials to provide the inmate with: (1) a written statement at least 24 hours before the

3 disciplinary hearing that includes the charges, a description of the evidence against the inmate,

4 and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

5 evidence and call witnesses, unless calling witnesses would interfere with institutional security;

6 and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418

7 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see

8 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the

9 record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,

10 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is

11 satisfied where "there is any evidence in the record that could support the conclusion reached."

12 Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result

13 of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by

14 way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

15        It is unclear from Plaintiff's complaint how the alleged new prison policy has

16 violated his due process rights. Specifically, it is unclear what liberty interest Plaintiff is asserting

17 he was deprived of without due process of the law. The complaint seems to be premised on the

18 notion that the policy has created an unsafe prison environment for Plaintiff—a claim not

19 cognizable, as currently pleaded, under the due process clause. Such a claim seems more in line

20 with the protections afforded under the Eighth Amendment. Because Plaintiff has failed to

21 demonstrate how his due process rights were violated through the making or implementation of

22 this alleged prison policy he as failed to state a claim for which relief may be granted.

23

24        **IV.  AMENDING THE COMPLAINT**

25        Because it is possible that the deficiencies identified in this order may be cured by

26 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

27 action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is

28 informed that, as a general rule, an amended complaint supersedes the original complaint. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  April 8, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6