IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Defendant. | No. 2:18-cv-1039-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (ECF No. 15) of the magistrate judge's April 9, 2019 order.

As provided by Eastern District of California Local Rule 303(f), a Magistrate Judge's order shall be upheld unless "clearly erroneous or contrary to law." Upon review of the file, the court finds the magistrate judge's ruling was not clearly erroneous or contrary to law. The April 9, 2019 order dismissing the complaint and granting plaintiff leave to file a first amended complaint is therefore affirmed. For good cause appearing, and as explained below, plaintiff will be provided additional time to file a first amended complaint. Plaintiff is cautioned that failure to file a first amended complaint within the time provided may result in dismissal of the entire action. *See* Local Rule 110.

/////

1    By this action, plaintiff challenges a policy memorandum issued by defendant
2    Kathleen Allison, that, according to the allegations of the complaint, "mandates General
3    Population (GP) and Sensitive Needs Yard (SNY) [inmates] in Level II & III facilities to be
4    housed together, based on Level of Custody." ECF No. 1 at 3. Plaintiff alleges this regulation
5    places him at "substantial risk of serious harm of great bodily injury and death" because of gang
6    safety concerns. *Id*. He claims a violation of due process through a "state created danger." *Id*.
7    The magistrate judge dismissed the complaint with leave to amend, finding plaintiff's allegations
8    fail to implicate any interest protected by the federal due process clause but that the same
9    allegations might state a cognizable Eighth Amendment claim. ECF No. 13. In his motion for
10   reconsideration, plaintiff contends his allegations implicate the substantive provisions of the
11   federal due process clause, consistent with his identification of his claim as based on "Due
12   Process – State Created Danger." ECF No. 15; ECF No. 1 at 3.
13           In his order, the magistrate judge correctly recognizes that the facts alleged in
14   plaintiff's complaint, if true, may be sufficient to state a claim of deliberate indifference to safety
15   under the Eighth Amendment. ECF No. 13 at 5. Although it is not clear, the facts alleged in
16   plaintiff's complaint might give rise to a procedural due process claim if plaintiff can prove that
17   application of the changed policy would subject him to "atypical and significant hardship . . . in
18   relation to the ordinary incidents of prison life" without sufficient procedural protection. *Sandin*
19   *v. Connor*, 515 U.S. 472, 484 (1995). It appears, however, that plaintiff's primary contention is
20   that this placement would constitute a serious threat to his personal safety; such a claim brought,
21   as here, by a convicted prisoner arises under the Eighth Amendment. While the complaint states
22   sufficient factual allegations to support a plausible claim for relief, it is for plaintiff to clarify the
23   nature of the claim or claims on which he wishes to proceed.
24           Accordingly, IT IS HEREBY ORDERED that:
25           1.    Plaintiff's motion for reconsideration (ECF No. 15) is denied;
26           2.    The magistrate judge's April 9, 2019 order is affirmed;
27           3.    Plaintiff shall file an amended complaint within thirty days; and
28   /////

4. This matter is referred back to the assigned magistrate judge for all further proceedings.

DATED: December 9, 2019.

_____
UNITED STATES DISTRICT JUDGE